UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JOHN HENRY RANKIN-EL, | Civil No. 06-273 (DSD/AJB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| CAROL HOLINKA, Warden, et al., | |
| Respondents. | |

This matter is before the undersigned Magistrate Judge of the District Court on the petition of federal prisoner John Henry Rankin-El for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Docket No. 1.) Petitioner claims that he was wrongly denied the chance to have his sentence reduced upon successfully completing a Bureau of Prisons ("BOP") drug rehabilitation program. Respondent opposes the petition, contending that Petitioner is not eligible for a sentence reduction.

The case has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it will be recommended that this action be dismissed with prejudice.

**I. BACKGROUND**

In 1998, Petitioner pled guilty to a federal drug law violation here in the District of Minnesota. United States v. Stallworth et al., Crim. No. 97-360(3)(RHK/RLE). At sentencing, Petitioner received a "two-point enhancement" under the federal Sentencing Guidelines, because a weapon was involved in his offense. Based on that enhancement, District Court Judge Richard H. Kyle sentenced Petitioner to 96 months in federal prison.

While Petitioner was serving the 96-month sentence imposed by Judge Kyle, he committed a new federal crime.  He was prosecuted and convicted for that new offense, (another drug law violation), in the United States District Court for the Eastern District of Michigan.  (Crim. No. 02-80242-01.)  On December 4, 2003, he received a new 37-month sentence, to be served consecutively to the remainder of the original sentence imposed by Judge Kyle.

The BOP has determined that Petitioner's two consecutive sentences should be treated as a single aggregate sentence of 133 months, (96 months for the first sentence, plus 37 months for the second sentence).  The BOP made this determination pursuant to 18 U.S.C. 3584(c), which states that –

> "Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment."

In 2004, Petitioner was transferred to the Federal Correctional Institution in Waseca, Minnesota, ("FCI-Waseca"), and he is still incarcerated there at this time.  If he continues to earn the maximum possible statutory "good time credit," he will complete his 133-month aggregate prison sentence in September 2007.

After Petitioner arrived at FCI-Waseca, prison officials considered whether he might be eligible for a reduced sentence, if he completed a BOP drug rehabilitation program offered pursuant to 18 U.S.C. § 3621.  That statute provides, in part, that –

> "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program *may* be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve."

18 U.S.C. § 3621(e)(2)(B) (emphasis added).

The BOP initially determined that Petitioner was not eligible for a sentence reduction under § 3621(e)(2)(B), because he was subject to an outstanding warrant. However, the warrant issue was resolved, and Petitioner's eligibility for a reduced sentence was reconsidered. The BOP then determined that Petitioner was not eligible for a reduced sentence under § 3621(e)(2)(B), because the sentence imposed by Judge Kyle had been enhanced for possession of a weapon.

It should be noted that the only inmates who are <u>statutorily</u> ineligible for a sentence reduction under § 3621(e)(2)(B) are those who have been convicted of a violent offense. The statute itself does not preclude an inmate from receiving a sentence reduction simply because his sentence was enhanced for possession of a weapon.[1]

It should also be noted, however, that § 3621(e)(2)(B) does not guarantee any inmate the right to a reduced sentence upon successful completion of a BOP drug rehabilitation program. The statutory phrase "may be reduced" gives the BOP the discretionary authority to decide whether an inmate who is statutorily eligible for a sentence reduction should actually have his sentence reduced. Even if a prisoner meets the basic statutory eligibility requirement for a reduced sentence, (i.e., he has been "convicted of a nonviolent offense"), and even if he has successfully completed the BOP's drug treatment program, the BOP still does not necessarily have to reduce his sentence. The courts have

---

[1] At one time, the BOP treated a weapon enhancement as a "crime of violence" for purposes of § 3621(e)(2)(B), and prisoners with weapon enhancements were therefore deemed to be <u>statutorily</u> ineligible for a reduced sentence. However, that reasoning was rejected by many federal courts, including the Eighth Circuit Court of Appeals. <u>Martin v. Gerlinski</u>, 133 F.3d 1076 (8th Cir. 1998). It is now clear that, for purposes of § 3621(e)(2)(B), a sentence enhancement for possession of a weapon does not convert a non-violent offense into a violent offense.

consistently confirmed that § 3621(e)(2)(B) gives the BOP the discretion to bar any prisoner from getting a sentence reduction under § 3621(e)(2)(B), even if a sentence reduction would be permissible under the statute. See Lopez v. Davis, 531 U.S. 230, 241 (2001) ("[w]hen an eligible prisoner successfully completes drug treatment, the [BOP]... has the authority, but not the duty,... to reduce his term of imprisonment").[2]

The BOP has used its discretionary authority under § 3621(e)(2)(B) to designate certain categories of inmates who will never be granted sentence reductions, even if they have been convicted of a nonviolent offense, and even if they successfully complete a drug treatment program. Those categories are described at 28 C.F.R. § 550.58(a)(1). The introductory clause of 28 C.F.R. § 550.58(a)(1) states that "[a]s an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release...."

The BOP's categorical use of its discretion under § 3621(e)(2)(B) was approved by the Supreme Court in Lopez v. Davis, supra. There, the Court acknowledged that only prisoners who have been convicted of violent offenses are statutorily ineligible for a reduced sentence under § 3621(e)(2)(B); but the Court held that, given the discretionary authority provided by § 3621(e)(2)(B), the BOP can, on its own, categorically exclude other prisoners from earning a reduced sentence. Id. at 240-44. According to Lopez, the BOP can establish categories of prisoners who are automatically barred from receiving a

---

[2] See also Bellis v. Davis, 186 F.3d 1092, 1094 (8th Cir. 1999) (§ 3621(e)(2)(B) "vests broad discretion in the BOP to determine which individuals, among the group of statutorily eligible inmates convicted of nonviolent offenses, are appropriate candidates for early release;" the language of the statute "is discretionary and does not mandate that the BOP grant a sentence reduction to any particular inmate or class of inmates"), aff'd sub nom, Lopez v. Davis, supra.

4

sentence reduction under § 3621(e)(2)(B), even though they may meet the eligibility requirements of the statute itself.

One group of prisoners that the BOP has categorically excluded from earning a reduced sentence under § 3621(e)(2)(B) is defined as follows:

> "Inmates whose current offense is a felony:... (B) That involved the carrying, possession, or use of a firearm or other dangerous weapon...."

28 C.F.R. § 550.58(a)(1)(vi)(B).[3]

The BOP has determined that the instant Petitioner falls within the category described at § 550.58(a)(1)(vi)(B) because of his two-point sentence enhancement for possession of a weapon. The BOP has therefore declared that Petitioner is categorically ineligible for a sentence reduction under § 3621(e)(2)(B). Petitioner was informed that even if he were to successfully complete the BOP's drug rehabilitation program, he would not be considered for any sentence reduction pursuant to § 3621(e)(2)(B), because of his two-point weapon enhancement. Indeed, Respondent has acknowledged that Petitioner did complete the BOP's drug rehabilitation program on May 10, 2005. (Declaration of Angela Buege, [Docket No. 8], at p. 3, ¶ 5.) However, Respondent still maintains that, under BOP regulations, Petitioner is not eligible for a reduced sentence, because of his sentence enhancement for possession of a weapon. (Id.) Petitioner disagrees.

Petitioner does not contest the BOP's discretionary authority to categorically exclude certain classes of prisoners from receiving sentence reductions under § 3621(e)(2)(B). (Petitioner's "Traverse," [Docket No. 13], p. 3.) Nor does he challenge the validity or

---

[3] This regulation has been amplified by BOP Program Statement 5162.04. (See Declaration of Angela Buege, [Docket No. 8], Attachment E.)

propriety of the categorical exclusion created by 28 C.F.R. 550.58(a)(1)(vi)(B), (and BOP Program Statement 5162.04), which bars sentence reductions for prisoners who have received sentence enhancements for possessing a weapon. (Id.) Instead, Petitioner contends that the weapon enhancement rule should not be applied to him, because he is no longer serving a sentence that was enhanced for possession of a weapon.

According to Petitioner, he has already completed the sentence that was enhanced for possession of a weapon, (i.e., the 96-month sentence imposed by Judge Kyle in 1998), and he is presently serving only his other sentence, (i.e., the 37-month sentence imposed in 2003), which did not include a weapon enhancement. Therefore, Petitioner argues, his possession-of-a-weapon enhancement should no longer make him ineligible for a reduced sentence under § 3621(e)(2)(B).[4]

Petitioner has presented his argument to the BOP at every level of the BOP's administrative remedy process. The BOP has consistently rejected Petitioner's argument, and now acknowledges that he has exhausted his administrative remedies. (Declaration of Angela Buege, p. 4, ¶ 9.) Therefore, Petitioner's current habeas corpus petition can properly be addressed and decided on the merits.

## II. DISCUSSION

The dispositive issue in this case is whether the BOP has acted properly by treating Petitioner's two most recent federal prison sentences – the 96-month sentence imposed

---

[4] Respondent believed that Petitioner was also claiming to have an independent constitutional right to a sentence reduction. (See Respondent's Memorandum In Opposition To Petition, [Docket No. 7], at p. 9.) However, Petitioner has disavowed any such claim in his reply memorandum. (See Petitioner's "Traverse," at p. 3 ("Petitioner realizes that he 'does not have a constitutional right to early release consideration under 18 U.S.C. § 3621(e)(2)(B)'").)

in 1998, and the 37-month sentence imposed in 2003 – as a single aggregated sentence. As noted above, Petitioner contends that the two sentences are separate and serial, that he has fully served the sentence that included the weapon enhancement, and that the remaining sentence, (i.e., the 37-month sentence), did not include a weapon enhancement. Therefore, according to Petitioner, he should now be eligible for a one-year sentence reduction under § 3621(e)(2)(B).

> According to Respondent, however –
>
> "to comply with 18 U.S.C. § 3584(c), BOP aggregated petitioner's [two most recent federal] sentences into one 133-month sentence. Once BOP did this, petitioner's two component sentences, and all their attendant conditions, began to co-exist for the 133-month duration of the aggregated sentence. As a result, petitioner's two-level enhancement [for possession of a weapon], though drawn from one of his component sentences, continues to preclude his eligibility for early release. Accordingly, BOP acted within its authority by denying petitioner's request for early release [pursuant to § 3621(e)(2)(B)]."

(Respondent's Memorandum, p. 8.)

The Court rejects Petitioner's argument that his two sentences should be treated as separate and serial, and accepts Respondent's contention that the two sentences should be aggregated, and treated as one. Petitioner's position is contrary to the mandate of the Congress that is set forth at § 3584(c). That statute clearly directs the BOP to treat Petitioner's two consecutive sentences "as a single, aggregate term of imprisonment" – which is exactly what the BOP has done in Petitioner's case.

Petitioner's submissions are rife with anomalous references to 18 U.S.C. § 4161, a statute that was repealed more than ten years before Petitioner committed any of the crimes at issue here. Petitioner repeatedly argues that the BOP has misinterpreted and misapplied § 4161. (See Petition, [Docket No. 1], p. 3(b); Petitioner's "Traverse," pp. 1, 3,

7

4 and 5.) Those arguments, however, are simply specious, because § 4161 is wholly inapplicable here. Furthermore, it does not appear that the BOP has ever suggested that § 4161 has any bearing on Petitioner's case. In short, the outcome of this case is controlled by § 3584(c), not the repealed § 4161.

Neither Petitioner nor Respondent has cited any court decisions interpreting or applying § 3485(c) to a case such as this one, and the Court has not independently located any such decision. This is hardly surprising, however, as the language of § 3485(c) is quite straightforward, and not readily susceptible to divergent interpretations. The statute clearly states that consecutive sentences, such as the two at issue here, "shall be treated for administrative purposes as a single, aggregate term." If the BOP, (or this Court), were to accept Petitioner's argument, and treat Petitioner's two sentences as separate, distinct and serial, it would violate the unambiguous directive of § 3584(c).

In sum, the Court finds that the BOP's aggregation of Petitioner's two consecutive sentences is not only authorized by § 3584(c), but is, in fact, <u>required</u> by that statute. Thus, the BOP properly concluded that Petitioner's weapon enhancement affected his entire 133-month aggregate sentence. It follows that Petitioner is ineligible for a § 3621(e)(2)(B) sentence reduction, pursuant to the BOP regulation that prohibits such reductions for prisoners who are serving a sentence that was enhanced for possession of a weapon. Petitioner's current habeas corpus claims must therefore be rejected on the merits, and this action must be dismissed with prejudice.[5]

---

[5] Respondent apparently believes that Petitioner is also asking to be moved to a "half-way house" for more than just the customary last six months of his sentence. However, the Court finds no such claim in any of Petitioner's submissions. Indeed, Petitioner has expressly acknowledged that the BOP has the discretionary authority to

**III. RECOMMENDATION**

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be **DENIED**;

and

2. This action be **DISMISSED WITH PREJUDICE**.


Dated: January 25, 2007

                                                  s/ Arthur J. Boylan
                                                  ARTHUR J. BOYLAN
                                                  United States Magistrate Judge


Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before February 9, 2007.

---

"determine where he will be incarcerated." (Traverse, p. 3.) The Court further notes that Petitioner did not challenge the BOP's half-way house assignment plans in his requests for administrative relief, so if Petitioner were challenging those plans here, his claims would have to be summarily dismissed for failure to exhaust his administrative remedies.